## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY McCARGO,<br><br>            Plaintiff,<br><br>     v.<br><br>CAMDEN COUNTY JAIL,<br><br>            Defendant. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 16-cv-06955 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:
Timothy McCargo, Plaintiff Pro Se
433 N. 7th Street, Apt. 19K
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

## I.   INTRODUCTION

Plaintiff Timothy McCargo seeks to bring a civil rights complaint against Camden County Jail ("CCJ") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

28 U.S.C. 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under Section 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

1

For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.  BACKGROUND

Plaintiff's Complaint states: "I was sleeping on the floor housed with four other male inmates. Men was [*sic*] withdrawing from herion [*sic*] vomiting on me while I was sleeping. Also I received a boil (infection) that was left unattended due to overcrowding in the medical department." Complaint § III(C).

Plaintiff states that the alleged events giving rise to these claims occurred: "Winter of 2004 (November)." *Id*. § III(B).

Plaintiff contends that he has sustained a boil, back problems, mouth infection and bug bites while incarcerated at CCJ. He alleges that his boil was "left untreated", that his mouth infection was not treated "until 3 weeks later", and that he "never received my asthma pump nor my blood pressure meds while being housed." *Id*. § IV.

Plaintiff seeks $50,000 in relief. *Id*. § V.

## III. STANDARD OF REVIEW

To survive *sua sponte* screening under 28 U.S.C. § 1915(e)(2) for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir.

2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

Plaintiff asserts claims against CCJ for allegedly unconstitutional conditions of confinement. The Complaint must be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

First, the Complaint must be dismissed as CCJ is not a "state actor" within the meaning of § 1983. *See*, *e.g.*, *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCJ must be dismissed with prejudice.

Second, there are not enough facts for the Court to infer Plaintiff was denied adequate medical care. In order to set forth a cognizable claim for violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need;

3

and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A mere assertion that Plaintiff was not given medication (Complaint § IV) is insufficient to meet the pleading standard for a claim of inadequate medical care.

Finally, "plaintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

Plaintiff states that the alleged events giving rise to these claims occurred: "Winter of 2004 (November)." Complaint § III(B). The allegedly unconstitutional conditions of confinement at CCJ would have been immediately apparent to Plaintiff at the time of detention. Accordingly, the statute of limitations for Plaintiff's claims expired in November 2006. As there are no grounds for equitable tolling of the statute of limitations,[2] the Complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).

V.  **CONCLUSION**

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**February 9, 2017**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge